IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Antonio Davis, #33001A, | ) | C/A No.: 0:15-848-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| State of South Carolina; Solicitor John | ) | |
| Mark Shiflet; Solicitor Kristen Danielle | ) | |
| Smith; and Solicitor Jenny Desch, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Antonio Davis ("Plaintiff"), proceeding pro se and in forma pauperis, is a pretrial detainee incarcerated at York County Detention Center. Plaintiff filed this action against the State of South Carolina, and Solicitors John Mark Shiflet ("Shiflet"), Kristen Danielle Smith ("Smith"), and Jenny Desch ("Desch") (collectively "Defendants"), alleging false imprisonment. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(f) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

Plaintiff states that he was charged with criminal domestic violence on March 12, 2013. [ECF No. 1 at 3]. Plaintiff alleges that he was given a bond, placed on house arrest, and told not to be around the victim or 814 S. York Ave., Rock Hill, SC 29730. *Id.* Plaintiff says that he appeared in court on May 7, 2013, and was told that he would

receive a letter or summons regarding his next court date. *Id.* Plaintiff alleges that he never received a letter or summons, but that his bondsman picked him up on a bench warrant on November 3, 2013, "for failure to appear on [June 24, 2013] per John Mark Shiflet." *Id.* Plaintiff claims that this warrant was served on the wrong address, 814 York Street, 3B Rock Hill, SC 29730. *Id.* Plaintiff states that he wrote his attorney in an attempt to let Shiflet know that there was "a mistake about the address which the warrant and letter or summons were insufficient," but he never received a response. *Id.* at 3–4. Plaintiff claims that he was falsely imprisoned for approximately eleven months and he lost his job, cars, and home because the solicitor made a mistake. *Id.* Plaintiff asserts that the alleged victim wrote an eight-page letter stating that Plaintiff was not guilty, but Shiflet would not drop the charges. *Id.* Plaintiff states Desch and Smith appeared on behalf of the state at his jury trial on September 17–18, 2014. *Id.* Plaintiff alleges that he was found not guilty. *Id.* at 4. Plaintiff seeks monetary damages and injunctive relief, including asking the court to drop the pending charges against him. *Id.* at 5. Plaintiff remains in custody on another charge involving the same victim. *Id*. at 5.

II.    Discussion

A.    Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28

U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

1.     Eleventh Amendment Immunity

The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). Such immunity extends to

3

arms of the state, including a state's agencies, instrumentalities, and employees. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984); *see also Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997). The Eleventh Amendment also bars this court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U.S. 781 (1978); *Seminole Tribe of Florida*, 517 U.S. at 58. While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions applies in the instant case.[1] Plaintiff's claims against the State of South Carolina are subject to summary dismissal.

> 2.    Prosecutorial Immunity

Plaintiff sues Shiflet, Smith, and Desch for actions associated with the prosecution of his state criminal charges, including errors resulting in the issuance of a bench warrant and the continued prosecution of charges against Plaintiff after the victim recanted. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial motions hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Because such claims are barred under § 1983 by prosecutorial immunity, Shiflet, Smith, and Desch should be summarily dismissed from this case.

---

[1]  Congress has not abrogated the states' sovereign immunity under § 1983, *see Quern v. Jordan*, 440 U.S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court.  S.C. Code Ann. § 15-78-20(e).

5

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this

case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

March 3, 2015                                                    Shiva V. Hodges
Columbia, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).